IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-50,360-04






EX PARTE KIMBERLY LAGAYLE MCCARTHY









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

AND MOTION TO STAY THE EXECUTION

FROM CAUSE NO. F97-34795-V IN THE 292ND DISTRICT COURT

DALLAS COUNTY




 Per Curiam. Price, J., filed a concurring statement in which Meyers, J.,
joined. Cochran, J., filed a concurring statement. Alcala, J., filed a dissenting
statement in which Johnson, J., joined. Keasler, J., did not participate.


O R D E R



 This is a subsequent application for a writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion to stay
applicant's execution.

 In November 2002, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. McCarthy v. State, No.
AP-74,590 (Tex. Crim. App. Sept. 22, 2004)(not designated for publication). 

 Applicant filed her initial post-conviction application for writ of habeas corpus in the
convicting court on August 24, 2004. This Court denied applicant relief. Ex parte
McCarthy, No. WR-50,360-02 (Tex. Crim. App. Sept. 12, 2007)(not designated for
publication). Applicant filed her first subsequent writ application in the trial court on March
26, 2013, and this Court dismissed it the next day. Ex parte McCarthy, No. WR-50,360-03
(Tex. Crim. App. Mar. 27, 2013)(not designated for publication). Applicant filed this her
second subsequent writ application in the trial court on June 19, 2013.

 In her application, applicant asserts that her right to equal protection was violated
when the State used peremptory strikes to exclude qualified non-white venire members from
the jury. She also asserts that her trial counsel was ineffective for failing to preserve the
issue, and her appellate counsel and initial habeas counsel were ineffective for failing to raise
the issue. After reviewing the application, this Court has determined that applicant has failed
to meet the dictates of Article 11.071, § 5. Accordingly, we dismiss the application as an
abuse of the writ without considering the merits of the claim, and we deny applicant's motion
to stay her execution.

 IT IS SO ORDERED THIS THE 24th DAY OF JUNE, 2013.

Do Not Publish